IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                     PLAINTIFF

v.                                        Case No. 1:20-cv-01056

CHIEF MAXWELL, Magnolia Police
Department (MPD); LIEUTENANT
CORY R. SANDERS, MPD; DETECTIVE
COLTON BURKS, MPD; and SERGEANT
SAMMY KIRBY, MPD                                                          DEFENDANTS

**ORDER**

Plaintiff, Jessie Terrell Radford ("Radford"), currently an inmate of the Varner Supermax
Unit of the Arkansas Division of Correction, filed this *pro se* civil rights action under 42 U.S.C. §
1983.  Radford proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening of the Amended Complaint (ECF No.
10) under 28 U.S.C. § 1915A.  Pursuant to § 1915A, the Court has the obligation to screen any
complaint in which a prisoner seeks redress from a governmental entity or officer or employee of
a governmental entity.

**BACKGROUND**

In his Amended Complaint (ECF No. 10), Radford alleges his constitutional rights were
violated during his interactions with the Magnolia Police Department ("MPD") in Columbia
County, Arkansas.  Radford alleges that he was racially profiled by members of the MPD on
February 22, 2019.   *Id*. at 4.  He maintains that there are false and misleading statements in
reports made by Defendants and errors on a document he refers to as the MPD Index.   *Id*.   As a
result of the false and misleading statements in the MPD's reports, Radford states he was arrested.

*Id.* at 5.   He alleges he had no opportunity to contest the facts set forth in the record and notes that the MPD Index includes a long list of false charges as well as crimes he was never charged with. *Id.* at 10.   He further alleges excessive bail had been set by the MPD, although he does not state what criminal charges this was in connection with.   *Id.* at 4.

Radford also mentions a settlement he obtained in another civil rights case.   (ECF No. 10, p. 5).   He believes Defendants retaliated against him for filing that action.   *Id.*   He alleges Defendants went so far as to have his mother arrested.   *Id.*

Radford further alleges that Defendants violated their oath of office and their ethical standards, failed to follow the policies and procedures set forth in their own manual, and failed to follow the policies and procedures required by the law of Arkansas.   (ECF No. 10 at 4-5). Radford maintains that Defendants' actions resulted in the violation of his First Amendment right to free speech; his Due Process rights; and his Equal Protection rights.   *Id.*

## APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v.*

2

*Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

In the Amended Complaint, Radford indicated he had filed another action dealing with the same facts involved in this case.   (ECF No. 1, p. 15).   He refers the Court to *Radford v. Burks, et al.,* No. 1:19-cv-01011.   *Id*.   Review of that case indicates it in fact involved the same date of the alleged occurrence, February 22, 2019, many, if not all, of the same claims, and the same Defendants.   Several of Radford's claims in that case were dismissed at the screening stage. *Radford v. Burks, et al.,* No. 1:19-cv-01011, ECF No. 12.   Moreover, Defendants were granted summary judgment on the remaining claims, and the case was dismissed with prejudice on January 26, 2021.   *Radford v. Burks, et al.,* No. 1:19-cv-01011, ECF No. 42.

Accordingly, this case is barred by the doctrine of *res judicata*.   That doctrine asserts:

if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (citations omitted); *see also Hanig v. City of Winner,* 527 F.3d 674, 676 (8th Cir. 2008) ("when the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue 'actually litigated or which could have been properly raised and determined in a prior action'").

Every claim in Plaintiff's Amended Complaint (ECF No. 10) emerges out of the interactions with Defendants on February, 22, 2019.   As noted above, Plaintiff previously filed a complaint against the current Defendants in a separate case and alleged claims that all involved

3

conduct and interactions from February 22, 2019.  *See Radford v. Burks, et al.*, No. 1:19-cv-01011, ECF No. 1.  The Court granted Defendants summary judgment in that matter.  *Radford v. Burks, et al.*, No. 1:19-cv-01011, ECF No. 42.  All claims the Court is asked to decide upon now were, or could have been, brought by Plaintiff in his previous case.   Accordingly, the Court finds that his claims are barred by *res judicata*.   *See Hanig v. City of Winner,* 527 F.3d at 676.

## CONCLUSION

For the reasons stated above, this case is **DISMISSED WITH PREJUDICE on res judicata grounds.**

**IT IS SO ORDERED**, this 8th day of February, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

4